UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ALVIN SAUL ROMERO, <br><br>  Petitioner, <br><br>  v. <br><br> JOE SMITH, Warden, <br>  Joe Corley Detention Facility, and <br> LISA MADIGAN, <br>  Attorney General of Illinois <br>     Respondent. | Case No. 10-4077 |

# ORDER

This matter is before the Court on Petitioner, Alvin Saul Romero's, Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition is DENIED.

### Factual Background

Romero was convicted of four counts of aggravated criminal sexual abuse in the Circuit Court of Rock Island County, Illinois. On January 15, 2009 he was sentenced to four years of probation. Romero was incarcerated in Joe Corley Detention Facility in Conroe, Texas, however he has since been deported to Honduras.

Romero failed to timely-file a notice of appeal and several months after the conviction moved for leave to file a late notice of appeal in state court, which was denied on June 15, 2009. On July 8, 2009, Romero filed a petition for postconviction relief, asserting one claim of ineffective assistance of counsel for his counsel's failure to subpoena telephone records which he claimed amounted to an affirmative defense to

the crimes charged. The petition was dismissed on September 25, 2009 as being frivolous and without merit and Romero appealed. On July 30, 2010, the dismissal was affirmed by the Illinois Appellate Court for failure to comply with statutory requirements of the Postconviction Hearing Act, namely failing to attach the necessary affidavits or documents supporting his allegation. Romero did not file a petition for leave to appeal (PLA) with the Illinois Supreme Court.

Romero then filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging one count of ineffective assistance for failing to subpoena telephone records which would amount to an affirmative defense for the crimes charged. The State filed its response addressing the petition as well as requesting the denial of a Certificate of Appealability and this Order follows.

## Legal Standard and Discussion

### I. Petition for Writ of Habeas Corpus

Before considering the merits of a petition for writ of habeas corpus brought under 28 U.S.C. § 2254, a district court must consider whether the petitioner has exhausted all available state remedies. If the answer to this question is "no," the petition is barred for failure to exhaust state remedies. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 112 S.Ct. 387 (1991); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied*, 109 S.Ct. 1648 (1989). In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies

available in the courts of the State ...." 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. Farrell, 939 F.2d at 410; Boerckel v. O'Sullivan, 135 F.3d 1194, 1196 (7th Cir. 1998), rev'd on other grounds, O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1730 (1999) (a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

First, Romero's claim is procedurally defaulted for failure to afford the state

courts one full round of review. Romero properly asserted his claim in his postconviction petition and on appeal. However, in Illinois, a full round of state review includes presentation of each claim in a PLA to the Illinois Supreme Court. O'Sullivan, 119 S.Ct. at 1732-33. Here, the record indicates he has not filed a PLA and thus has not afforded the state courts one full round of review. Accordingly, this Court declines to consider the merits of his claim because it is procedurally defaulted.

Secondly, Romero's claim is procedurally defaulted because the appellate court disposed of his claim on an independent and adequate basis. Under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, a petitioner is required to support the factual allegations of his petition by attaching affidavits, records, or other evidence, or to explain the absence of such documents. 725 ILCS 5/122-2. Romero failed to include the proper documentation and instead supplied a sworn statement from postconviction counsel and his own sworn statement verifying the truthfulness of the petition. Also, Romero offered no explanation for the absence of supporting documentation and his claim was disposed of by the state court on that procedural ground. If the "state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on an independent and adequate state procedural grounds." Coleman, 501 U.S. at 730. Therefore, Romero's claim is procedurally defaulted on this basis as well.

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell, 939 F.2d at 411. Cause sufficient to excuse

procedural default is "some objective factor external to the defense" which prohibits him from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.29 397 (1986). Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995). A fundamental miscarriage of justice occurs when a petitioner establishes "a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray, 477 U.S. at 496.

Here, Romero has not claimed any cause or prejudice, nor has he argued a fundamental miscarriage of justice occurred. Additionally, the facts of this case do not suggest any cause or prejudice occurred and likewise do not appear to result in any fundamental miscarriage of justice.

## II. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Proceedings states "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; instead he must first request a certificate of appealability. Miller-El v. Cockrel, 537 U.S. 322, 335 (2003). To obtain a certificate of appealability, a petitioner must make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if petitioner shows: (1) "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right"; and (2) "jurists of reason would find it debatable

whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, the Court cannot conclude that reasonable jurists would find it debatable whether Romero's habeas petition should be resolved any other way.  His sole claim has been inexcusably procedurally defaulted, accordingly the Court declines to certify any issues for appeal.

ENTERED this 23rd Day of May, 2011.

/s/ James E. Shadid
James E. Shadid
United States District Judge
